IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, | : : : : : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 18-1731-CFC |
| SONY CORPORATION, SONY MOBILE COMMUNICATIONS AB, SONY MOBILE COMMUNICATIONS (USA) INC., | : : : : : : : | |
| Defendant. | : : | |

Brian Farnan, FARNAN LLP, Wilmington, Delaware; Michael Farnan, FARNAN LLP, Wilmington, Delaware; Jeffrey Bragalone, BRAGALONE CONROY P.C., Dallas, Texas; Johnathan Rastegar, BRAGALONE CONROY P.C., Dallas, Texas; T. William Kennedy, Jr., BRAGALONE CONROY P.C., Dallas, Texas

*Counsel for Plaintiff*

Rodger Dallery Smith, II, MORRIS, NICHOS, ARSHT, & TUNNELL LLP, Wilmington, Delaware; Lewis V. Popovski, PATTERSON BELKNAP WEBB & TYLER LLP, New York, New York

*Counsel for Defendant*

**MEMORANDUM OPINION**

September 26, 2019
Wilmington, Delaware

$$\underline{\text{C/L F. C/L}}$$
COLM F. CONNOLLY,
UNITED STATES DISTRICT JUDGE

Super Interconnect Technologies LLC ("SIT") has filed a three-count complaint against Sony Corporation, Sony Mobile Communications AB, and Sony Mobile Communications (USA) Inc. (collectively "Sony") for patent infringement. D.I. 1. Pending before me is Sony's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). D.I. 11. For the reasons discussed below, I will deny Sony's motion.

## I. BACKGROUND

SIT alleges in its complaint that, "by, among other things, making, having made, using, offering for sale, selling, and/or importing electronic devices with Universal Flash Storage (UFS) that incorporate [claimed] fundamental technologies," Sony "has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of" three patents: U.S. Patent Nos. 7,627,044 (the "#044 patent"); 6,463,092 (the "#092 patent"); and 7,158,593 (the "#593 patent"). D.I. 1, ¶¶ 15, 30, 45. SIT alleges in particular that Sony's Xperia XZ smartphone directly infringes claim 1 of the #044 patent, claim 1 of the #092 patent, and claim 34 of the #593 patent. D.I. 1, ¶¶ 16, 31, 46. Sony seeks to dismiss the complaint in its entirety. D.I. 11 at 1.

## II. LEGAL STANDARDS

### A. Legal Standards for Stating A Claim

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the . . . factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Legal Standards for Pleading Direct Infringement

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must allege facts "that plausibly indicate that the accused products contain each of the

2

limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018). A plaintiff, however, "need not prove its case at the pleading stage." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks and citations omitted). The complaint need only "place the potential infringer on notice of what activity is being accused of infringement." *Id.* at 1350 (internal quotation marks, alterations, and citation omitted).

In *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), the Federal Circuit provided further guidance on pleading infringement when a case "involves a simple technology." The Court held in *Disc Disease* that in such a case, a complaint is "sufficient under the plausibility standard of *Iqbal/Twombly*" if it (1) names products accused of infringing the asserted patents, (2) includes photographs of the packaging of the accused products, and (3) alleges that the accused products meet every element of at least one claim of the asserted patents. *Id.* The Court reasoned that "[t]hese disclosures and allegations are enough to provide [a defendant] fair notice of infringement of the asserted patents." *Id.*

### III. DISCUSSION

Each of the complaint's three counts alleges infringement of a different asserted patent. D.I. 1 at 3, 8, 12. Each count identifies as an "example" of

3

accused products Sony's Xperia XZ smartphone. *Id.* ¶¶ 15, 30, 45. And each count includes (1) an image of the Xperia XZ, *id.* ¶¶ 17, 32, 47; (2) an image of a Sony website showing that the Xperia XZ incorporates Universal Flash Storage ("UFS") technology, *id.* ¶¶ 18, 33, 48; and (3) two images from a third-party White Paper showing that UFS technology uses the MIPI M-PHY protocol, an industry technical standard, *id.* ¶¶ 19, 34, 49. In paragraphs that follow the images, each count describes features of UFS devices and asserts that the accused products meet the elements of an identified claim of the asserted patent. *Id.* ¶¶ 20–21, 35–36, 50–51.

SIT makes no attempt in the complaint to connect specific components of the MIPI M-PPHY standard or the accused products to elements of the asserted claims. The images in the complaint show only that the Xperia XZ incorporates UFS technology and that UFS technology incorporates the MIPI M-PPHY standard. And the descriptive paragraphs allege only—using the language of the asserted claim itself—that UFS devices have certain characteristics and that they infringe the claims. The complaint does not allege facts to support its allegation that UFS devices have those characteristics. Nor does it explain how those characteristics connect to the asserted claims.

The complaint nonetheless includes allegations and images that, under *Disc Disease*, are sufficient to satisfy the plausibility standard of *Iqbal/Twombly*. Each

count (1) identifies a product accused of infringing the asserted patents; (2) includes images of the product, its specifications, and documents that tie the specifications to an industry standard; and (3) alleges that the accused products meet every element of at least one claim of the asserted patents. Although I have doubts that this case involves the type of "simple technology" at issue in *Disc Disease*, Sony made no attempt in its reply brief to rebut SIT's argument in its answering brief that under *Disc Disease* the complaint provides a sufficient level of detail to overcome a Rule 12(b)(6) motion to dismiss. *See* D.I. 14; D.I. 15. (Sony made no mention of *Disc Disease* in its briefing and therefore waived the issue of *Disc Disease*'s applicability to its motion. *See Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 258 n.1 (3d Cir. 2007); *Edgewell Pers. Care Brands, LLC v. Albaad Massuot Yitzhak, Ltd.*, 2017 WL 1900736, at *4 (D. Del. May 9, 2017).) I also note that although SIT did not allege facts that enable me to understand its theory that the MIPI M-PHY standard and the accused products read on the asserted claim elements, the fact that two defendants sued by SIT in related cases filed answers to direct infringement allegations that are nearly identical to those made in this case[1] appears to confirm

---

[1] *See Super Interconnect Techs. LLC v. Lenovo Grp. LTD, et al.*, C.A. No. 18-cv-1729-CFC (D. Del.) D.I. 1, ¶¶ 16–21, 31–36, 46–51; *Super Interconnect Techs. LLC v. Motorola Mobility, LLC*, C.A. No. 18-cv-1730-CFC (D. Del.) D.I. 1, ¶¶ 13–18, 28–33, 43–48.

5

that the complaint in this case provides Sony with the "fair notice" required by *Disc Disease*. 888 F.3d at 1260. Accordingly, I will deny Sony's motion to dismiss SIT's direct infringement claims.

Finally, although Sony asks me "to dismiss SIT's [c]omplaint in its entirety," D.I. 11 at 1, Sony's briefing does not discuss why SIT's indirect infringement claims fail to satisfy Rule 12(b)(6), *see* D.I. 12; D.I. 15. The terms "induced infringement," "inducement," "indirect infringement," or "indirect" do not appear in either of Sony's briefs. *See* D.I. 12; D.I. 15. Nor does Sony mention the governing statute for inducement or cite cases that state the legal standard for inducement. *See* D.I. 12; D.I. 15. Accordingly, I will deny Sony's motion to dismiss SIT's indirect infringement claims.

## IV. CONCLUSION

For the foregoing reasons, I will deny Sony's motion to dismiss. The Court will enter an order consistent with this Memorandum.